IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEIL BURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-2267 |
| ) | |
| SHEIN DISTRIBUTION CORPORATION and ) | |
| STYLE LINK LOGISTICS LLC, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Shein Distribution Corporation and Style Link Logistics LLC (collectively, "Defendants"), remove this action to the United States District Court for the Southern District of Indiana, Indianapolis Division. In support of Removal, Defendants state:

**I.  INTRODUCTION**

1. On November 22, 2024, Plaintiff, Neil Burch, filed a Complaint and Demand for Jury Trial in Boone County Superior Court 1, entitled *Neil Burch v. Shein Distribution Corporation and Style Link Logistics LLC*, Cause No. 06D01-2411-PL-001925 (the "State Court Action").

**II.  THE REMOVED ACTION**

2. On December 2, 2024, the Summons and Complaint were served on Defendant Shein Distribution Corporation. A true and correct copy of the Summons and Complaint filed in the State Court Action are attached as **Exhibit A**.

3. Also on December 2, 2024, the Summons and Complaint were served on Defendant Style Link Logistics LLC. A true and correct copy of the Summons filed in the State Court Action is included in **Exhibit B**.

4. Defendants are timely filing this notice of removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

5. The Boone County Superior Court is located within the Indianapolis Division of the United States District Court for the Southern District of Indiana. 28 U.S.C. § 94(b)(1). Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### A. DIVERSITY OF CITIZENSHIP EXISTS AMONG PARTIES PROPERLY JOINED AND SERVED.

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the controversy is between citizens of different states.

7. Plaintiff is a citizen of the State of Indiana.

8. Defendant Shein Distribution Corporation is a Delaware Corporation with a principal place of business in Los Angeles, California.

9. Defendant Style Link is a Limited Liability Company. The sole member of Style Link's LLC is Shein Distribution Corporation. Shein Distribution Corporation in Delaware and its Principal place of business in is Los Angeles, California.

10. "For diversity jurisdiction purposes, the citizenship of a limited liability company is the citizenship of each of its members." *Hukic v. Aurora Loan Svcs.*, 588, F.3d 420, 427 (7th Cir. 2009). *See also City of East St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023) ("Several of the defendants are limited liability companies, and the citizenship of an LLC is the citizenship of each member – traced through as many levels as necessary until reaching a

natural person or corporation."); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006) (reversing district court which "assumed that a limited liability company, like a corporation, has two citizenships: its state of organization and its principal place of business. That's not right. The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships") (citation omitted).

11. Thus, there is complete diversity of citizenship between Plaintiff and Defendants.

**B.     THE AMOUNT IN CONTROVERSY IS SATISFIED.**

12. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount-in-controversy exceeds $75,000.

13. Plaintiff is seeking lost wages, benefits, compensatory and punitive damages, pre- and post-judgment interest, and attorneys' fees. (Compl., Prayer for Relief)

14. Based on Plaintiff's personnel records, Plaintiff was paid $102,000 per year. He was hired on or about March 21, 2024. A true and correct copy of Plaintiff's offer letter is attached as **Exhibit C**.

15. Additionally, plaintiff seeks unspecified "compensatory" damages "for "severe emotional distress" (Compl., ¶ 54; Prayer for Relief, ¶ 2) Compensatory damages of this nature are factored into removal for the amount-in-controversy calculation. *See Hensley v. DolgenCorp, Inc.*, 2015 U.S. Dist. LEXIS 30986 at *3, 4 (S.D. Ind., March 13, 2015)(past and future salary and emotional distress damages included as compensatory damages to determine amount in controversy); *Wharton v. Proteus Pros, LLC*, 2014 U.S. Dist. LEXIS 125495, at *12, 13 (S.D. Ind., Sept. 9, 2014) (noting that in *Frampton* claim, compensatory damages "may include pecuniary losses and future losses … as well as damages for bodily injury and mental anguish").

16. Plaintiff also seeks "punitive damages" (Compl. Prayer for Relief, ¶ 3), which are factored on a ration of two to three times plaintiff lost wages and compensatory damages. *See Brandon v. Wal-Mart Stores East LP*, 2020 U.S. Dist. LEXIS 51519, at *n.4 (N.D. Ind., Mar. 24, 2020) ("punitive damages in a ratio of two or three times a plaintiff's actual damages properly can be reckoned into the amount-in controversy") (citation omitted). Based on these allegations and damages sought, the amount-in-controversy is easily satisfied.

17. The removing party can "establish the amount in controversy by a good faith estimate" *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). "The amount in controversy is not proof of the amount plaintiff will recovery. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation. To this end, the documents that demonstrate plaintiff's own estimation of [his] claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *McPhail v. Deere & Co*., 529 F.3d 947, 956 (7th Cir. 2008) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

### III. NOTICE

Written notice of the filing of this Notice of Removal has been served contemporaneously upon counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Boone County Superior Court as required by 28 U.S.C. § 1441(d). The remainder of the documents filed in the State Court Action that have been served on Defendants are attached as **Exhibit D.**

WHEREFORE, Defendants, Shein Distribution Corporation and Style Link Logistics LLC, respectfully request that this Court take jurisdiction of this action in accordance with 28 U.S.C. §§ 1441, 1446 and 1332.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s *Scott James Preston*
  Scott James Preston, Atty. No. 25436-49
  Anthony J. Simonton, Jr., Atty. No. 35647-29
  300 N. Meridian Street, Suite 2700
  Indianapolis, IN 46204
  Telephone: 317.916.1300
  Facsimile: 317.916.9076
  *scott.preston@ogletree.com*
  *anthony.simonton@ogletree.com*

  Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 26, 2024, a copy of the foregoing *Notice of Removal* was filed electronically, and a copy of the foregoing was served by United States first-class mail, postage prepaid, upon:

Jason P. Cleveland
Thaddeus M. Keefer
CLEVELAND LEHNER CASSIDY
1901 Broad Ripple Avenue
Indianapolis, IN 46220

                                           *s/ Scott James Preston*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
300 N Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317-916-1300
Facsimile: 317-916-9076